UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEVILS WATTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1039** |
| **N. BURL CAIN, WARDEN** | **SECTION "H"(4)** |

**REPORT AND RECOMMENDATION**

Before the Court is a **Motion to Set Aside Judgment Due to Fraud Upon the Court (Rec. Doc. No. 33)** filed by the petitioner, Nevils Watts ("Watts"), seeking to have the court review its prior dismissal of his habeas corpus petition as a prohibited second or successive petition. The motion was referred to this United States Magistrate Judge for hearing, including an evidentiary hearing, if necessary, and submission of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Upon review of the motion and the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

The history of Watts's federal habeas corpus proceedings was outlined in detail in the Court's Report and Recommendation issued on April 10, 2013.[2] As a brief summary, after completing state court post-conviction proceedings, on May 16, 2002, Watts filed his first petition for federal habeas corpus relief related to his 1995 second degree murder conviction.[3] On October 28, 2002, the District Judge dismissed Watts's petition with prejudice finding it to have been untimely filed under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as

---

[1]Rec. Doc. No. 34.

[2]Rec. Doc. No. 18.

[3]*Watts v. Cain*, Civil Action No. 02-1559"H," Rec. Doc. No. 1.

codified at 28 U.S.C. § 2244, *et seq*.[4] The District Court denied Watts's request for issuance of a certificate of appealability, as did the United States Fifth Circuit Court of Appeals.[5]

After completing state court review of a second state application for post-conviction relief, Watts moved in the United States Fifth Circuit for leave to file a second or successive federal petition for habeas corpus relief arguing that the United States Supreme Court's holding in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), was a new rule of law that would have prevented the coroner from testifying at his trial about the autopsy report when the coroner did not perform the autopsy or write the report.[6] He also argued that other new evidence he discovered in 2009 and 2010 established a claim of prosecutorial misconduct which also would allow him to revive his right to seek federal habeas corpus review.

As repeated in the Court's prior ruling, the Fifth Circuit found a *prima facie* basis to permit Watts to file a second or successive petition in the District Court so that the Court could more fully explore his claims.[7] The Fifth Circuit also referenced the statutory authority of the District Court to "dismiss any claims that do not satisfy the successive standard. *See* [28 U.S.C.] § 2244(b)(4)."[8]

Watts thereafter filed his successive petition to this Court on May 17, 2012, in which he asserted two grounds for relief:[9] (1) a new rule of law supports a finding that he was denied his

---

[4]Civil Action No. 02-1559"H," Rec. Doc. No. 6, 7.

[5]Civil Action No. 02-1559"H," Rec. Doc. Nos. 8, 9, 10.

[6]Rec. Doc. No. 3-1, p. 100; *see also*, *In re Watts*, No. 12-30158, Motion to File Successive Petition (5th Cir. Feb. 10, 2012); Order (5th Cir. Mar. 26, 2012).

[7]Rec. Doc. No. 3-1, p. 100; *see also*, *In re Watts*, No. 12-30158, Order (5th Cir. Mar. 26, 2012).

[8]Rec. Doc. No. 3-1, p. 100; *see also*, *In re Watts*, No. 12-30158, Order (5th Cir. Mar. 26, 2012).

[9]Rec. Doc. No. 3.

confrontation rights when the Trial Court allowed the coroner to testify about the autopsy report over the defense counsel's objection; (2) newly discovered evidence indicates that the prosecutor withheld favorable evidence of the deals of leniency/immunity made with State witnesses, Dorothy Mallard and Roderick Earl Johnson, the rap sheets of both witnesses, and the transcript of the initial statement of Johnson in violation of his rights to due process and under the confrontation clause, all of which would prove him actually innocent.

In a detailed Report and Recommendation, the undersigned Magistrate Judge outlined the foregoing history, and after thoroughly evaluating Watts's petition, recommended that Watts' petition be dismissed with prejudice as time-barred.[10] The District Court adopted the Report and Recommendation and entered an Order and Judgment overruling Watts's objections and dismissing his petition with prejudice as time-barred.[11] The District Court and the Fifth Circuit denied issuance of a certificate of appealability.[12]

## II.  Watts's Rule 60(b) Motion

Watts requests that the Court reconsider the dismissal of his habeas petition on the basis that it was dismissed as a second or successive petition which he was authorized to file by the United States Fifth Circuit. Under a broad reading, he claims that the dismissal of his petition as a second or successive petition constituted fraud against him by the Court and entitles him to relief from the judgment and consideration of his claims.

---

[10] Rec. Doc. No. 18.

[11] Rec. Doc. Nos. 20, 21.

[12] Rec. Doc. Nos. 26, 31.

### A. Standards of Review

The United States Supreme Court has held that district courts have jurisdiction to consider Rule 60(b) motions in habeas corpus proceedings, so long as the Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). If the Rule 60(b) motion challenges the district court's denial of habeas relief on the merits, however, it must be considered a second or successive petition. *Id*. The Supreme Court resolved that the term "on the merits" refers in habeas corpus cases "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*., 545 U.S. at 532 n.4.

Thus, when a Rule 60(b) motion asserts one of those grounds or argues that a previous ruling regarding one of those grounds was in error, it is raising a new habeas corpus claim on the merits. On the other hand, if the motion "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," the claim is not on the merits and can properly be considered under Rule 60(b). *Id*.

Therefore, under the *Gonzalez* reasoning, this Court clearly has authority to consider Watts's Rule 60(b) motion, because he challenging not a ruling on the merits of his claims but the alleged designation of his petition as an impermissible second or successive petition.

### B. Rule 60(b) Standards

A motion to vacate a final judgment is considered under Fed. R. Civ. P. 60(b), which provides as follows:

>      On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)  any other reason that justifies relief.

A Rule 60(b) motion "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Watts's motion based on fraud was filed two months of the final disposition of his appeal to the United States Fifth Circuit.[13]

The United States Supreme Court has stated that "Rule 60(b) has an unquestionably valid role to play in habeas cases." *Gonzalez*, 545 U.S. at 534. The *Gonzalez* decision makes clear, however, that the same "limitations" contained in Rule 60(b) concerning its use and application that apply to all civil cases also apply in habeas corpus cases. *Id*. at 535. Disposition of a Rule 60(b) motion is committed to the sound discretion of the trial court. *Buck v. Thaler*, 452 F. App'x 423, 429 (5th Cir. 2011) (citing *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010)); *Garcia v. Woman's Hospital of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996). The rule has its main application in cases in which the true merits of a case might never be considered, because of technical error, fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. *Assoc. Marine Equip., LLC v. Jones*, 407 F. App'x 815, 816 (5th Cir. 2011) (citing *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977)); *Stanley v. Foster*, 464 F.3d 565, 568 n.3 (5th Cir. 2006); *Swift*

---

[13]Rec. Doc. Nos. 31, 33.

*Chemical Co. v. Usamex Fertilizers*, 490 F. Supp. 1343, 1349-1350 (E.D. La. 1980).  Weighing against the granting of a Rule 60(b) motion is the need to uphold the finality of judgments, especially when the claims urged are not meritorious, and to avoid injustice to the movant and the opposing party.  *Diaz v. Stephens*, 731 F.3d 370, 377 (5th Cir. 2013); *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993); *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980); *Swift Chemical Co.*, 490 F. Supp. at 1350.

The United States Fifth Circuit has recognized several factors to be considered when addressing a Rule 60(b) motion: (1) final judgments should not lightly be disturbed; (2) the rule is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment, and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack.  *Diaz*, 731 F.3d at 377.  To that end, Rule 60(b) "must be equitably and liberally applied to achieve substantial justice." *McKenzie v. Principi*, 83 F. App'x 642, 644 (5th Cir. 2002) (quoting *Blois*, 612 F.2d at 938); *accord Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012).

The Fifth Circuit, however, "has set a high bar for what a party must show to receive relief under Rule 60(b)(1). 'Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique  circumstances justifying such relief.'" *Williamson v. Morgan City*, 428 F. App'x 356, 357 (5th Cir. 2011) (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985)).

When a motion is based on Rule 60(b)(6), "any other reason that justifies relief," the United States Supreme Court has imposed a similar limitation. "[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment. . . . ('This very strict interpretation of Rule 60(b) is essential if finality of judgments is to be preserved'). Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988)).

### C. Analysis

In the instant case, Watts's motion is brought pursuant to Rule 60(b)(3), based on fraud, and Rule 60(b)(6), based on any other reason justifying relief.[14] The Court first notes that Watts has not pointed to any fraud on or by the Court.

The Fifth Circuit recognizes that, under the "fraud on the court" provision of Rule 60(b), "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Buck*, 452 F. App'x at 431 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). Watts has by no means established any such activity or fraud on the Court. It is with certainty that this Court did not engage in fraud or deception in assessing his case and any such suggestion by Watts is rejected. However, as Watts's squarely concedes, the basis for the Court's decision was laid out in its prior rulings and constitutes an open and public part of the record. Watts simply disagrees with the dismissal of his petition without review of the merits of his claims. His appeal of that decision was rejected and is now final.

---

[14] He also references other federal conspiracy statutes not related to Fed. R. Civ. P. 60(b) consideration. His claims in that regard are conclusory having failed to raise any argument related thereto.

Watts also has pointed to no other reason for the Court to reconsider or vacate the judgment. At the crux of Watts's motion is his mistaken belief that his habeas petition was dismissed by this Court as a prohibited second or successive petition after he had already received permission to file such a petition. First and foremost, his petition was <u>not</u> dismissed as a prohibited second or successive petition. His petition was in fact dismissed as time-barred having been filed more than one-year after the finality of his conviction and with no other new commencement trigger having been established.[15] He therefore has based his motion on factual as well as legal error.

Furthermore, as clearly set forth in the Court's prior Report and Recommendation, Watts had one prior federal habeas petition that had been dismissed with prejudice as time-barred. By definition, his later-filed petition was a second or successive petition; it was for the appellate court to first determine whether it was a <u>prohibited</u> second or successive petition. The Fifth Circuit has held that a later-filed petition, like this one, is prohibited when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (contrasting permissible successive petitions with those in which prisoners "repeatedly [attack] the validity of their convictions and sentences."). In his case, the Fifth Circuit determined that he had at least met the *prima facie* showing sufficient to present the petition to the District Court.

Nevertheless, Watts argument is again based in error since the authorization by the Fifth Circuit did not establish that his petition in fact would be addressed on the merits. As previously repeated, even though the Fifth Circuit authorized its filing, the District Court has other obligations to assure that Watts was entitled to review of the merits of his successive habeas petition. The

---

[15]Rec. Doc. Nos. 18, 20.

authorization by the Fifth Circuit required only *prima facie* showing "'simply a sufficient showing of possible merit to warrant a <u>fuller exploration by the district court</u>.'" (emphasis added) *Reyes-Requena v. United States*, 243 F.3d 893, 898-99 (5th Cir. 2001) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)). The Fifth Circuit so advised Watts in its order when it noted that this District Court still had the authority to "dismiss any claims that do not satisfy the successive standard. *See* [28 U.S.C.] § 2244(b)(4)."[16]

This Court, however, also had another of the AEDPA's gatekeeping hurdles to consider. The Court was required to assess the timeliness of the successive or later-filed petition:[17]

> Nevertheless, as part of its review, not only must the District Court determine compliance with § 2244(b)(2) and (4), it should assure that the successive petition also meets another gatekeeping provision of timeliness found in § 2244(d)(1). *See Rollins v. Cain*, 470 F. App'x 276, 277 (5th Cir. 2012); *In re Henderson*, 462 F.3d 413, 417 (5th Cir. 2006); *Mathis v. Thaler*, 616 F.3d 461, 468 (5th Cir. 2010); *Moore v. Quarterman*, 533 F.3d 338, 340 (5th Cir. 2008); *see also Pruett v.Cockrell*, No. 99-CV-781Y, 2001 WL 1516735, *6 (N.D. Tex. Nov. 21, 2001) (Order adopting Findings and Recommendations); *In re McDonald*, 514 F.3d 539, 543-44 (6th Cir. 2008). Determining whether a successive petition complied with the one-year statute of limitations outlined in § 2244(d) is not a concern of the court of appeals in addressing a request for authorization § 2244(b). The Fifth Circuit has recognized that, when considering motions pursuant to § 2244(b), it does not have a developed record and cannot determine whether the one-year statute of limitations should be statutorily or equitably tolled, especially considering that the successive petition has not yet been filed. *See, e.g.*, *In re Henderson*, 462 F.3d at 417. As a result, a determination of compliance with § 2244(d) is left to this District Court as a threshold matter.

That is exactly what this Court did in recommending dismissal of Watts's petition for habeas corpus relief as time-barred. Affording Watts's every possible benefit, the undersigned Magistrate

---

[16]Rec. Doc. No. 3-1, p. 100; *see also*, *In re Watts*, No. 12-30158, Order (5th Cir. Mar. 26, 2012).

[17]Rec. Doc. No. 18, p. 11.

Judge addressed each of the possible commencement points available under § 2244(d) before resolving that Watts's second petition (like his first) was untimely filed under the AEDPA.

Curiously, Watts does not now challenge that holding. As noted above, he bases his current motion on the erroneous conclusion that his petition was dismissed because it was a prohibited second or successive petition. His petition was dismissed because it was not timely filed. There was no fraud in the proceedings, and there is no other reason that would justify relief from that ruling. His Rule 60(b) motion is without merit.

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Watts's **Motion to Set Aside Judgment Due to Fraud upon the Court (Rec. Doc. No. 33)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[18]

New Orleans, Louisiana, this  4th  day of April, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[18]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.